IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULES JETTE, :
        Petitioner, :
:
v. : Civ. No. 12-2379
:
STEVEN GLUNT, et al., :
        Respondents. :
:

# O R D E R

Petitioner Jules Jette has filed *pro se* Objections to the Magistrate Judge's Report and Recommendation regarding his Petition for habeas relief. 28 U.S.C. § 2254. I will sustain Petitioner's Objections in part, accept the Magistrate Judge's findings as modified by this Order, and stay these proceedings pending the disposition of Petitioner's state court post-conviction appeal.

## I. STANDARD OF REVIEW

I must review *de novo* those portions of the Magistrate Judge's Report and Recommendation to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. Id.

## II. PROCEDURAL BACKGROUND

On October 1, 2001, Petitioner was convicted in the Philadelphia Common Pleas Court of involuntary deviate sexual intercourse, endangering the welfare of a child, and corrupting the morals of a minor. (Doc. No 13 Ex. B.) His conviction was affirmed on direct appeal. (Id.)

Pennsylvania's Supreme Court denied *allocatur* on September 3, 2003. Commonwealth v. Jette, 833 A.2d 141 (Pa. 2003) (Table). Petitioner then filed two *pro se* petitions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act. 42 Pa. Cons. Stat. § 9541 *et seq*. Petitioner's court-appointed attorney initially filed a "no merit" letter. Ultimately, however, counsel filed an amended PCRA petition, which was dismissed on November 1, 2011. (Doc. No. 13 Ex. D.)

On December 28, 2011, Petitioner filed, *pro se*, a second PCRA petition, which the PCRA court dismissed as untimely. (Doc. No. 13 Ex. E.) Petitioner appealed to Pennsylvania's Superior Court. On April 27, 2012, while that appeal was still pending, Petitioner filed the instant Petition, bringing sixteen separate claims for relief. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."). Respondents filed their response on September 11, 2012. (Doc. No. 13.) Although the Magistrate assumes that all sixteen of Petitioner's claims are unexhausted, Respondents concede that three of Petitioner's claims were properly raised in his first, timely PCRA petition. (Doc. No. 13 at 16.)

On March 15, 2013, after the Magistrate filed her Report and Recommendation, the Pennsylvania Superior Court affirmed the lower court's dismissal of Petitioner's second PCRA petition as untimely. (Doc. No. 20 Ex. A.) Petitioner has filed a Petition for Reargument *en banc*, which is still pending. (Id.)

### III.  OBJECTIONS

####  A.  *Failure to Exhaust*

The Magistrate recommends that I dismiss the Petition without prejudice in light of

Petitioner's ongoing post-conviction appeal in state court. A federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim for relief, "[a] state prisoner must 'fairly present' all federal claims to the highest state court." Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002).

Petitioner's request for a rehearing *en banc* is still pending, and should that request be denied, he may appeal to the Pennsylvania Supreme Court. Petitioner acknowledges his pending appeal but objects to dismissal. Because his Petition contains both exhausted and unexhausted claims—a "mixed" petition—he asks me to stay his Petition, rather than dismiss. Petitioner states that unless the state courts determine that his second PCRA petition was properly filed, his federal "habeas clock continues to tick" on his exhausted claims. He argues that a dismissal might jeopardize the timeliness of his request for habeas relief. Petitioner is correct. The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing petitions for habeas corpus. 28 U.S.C. § 2244(d)(1). That period begins to run from the date on which "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. This period may be tolled during the pendency of a state collateral proceeding *if that collateral petition was properly filed under state law*. § 2244(d)(2). An improperly filed petition does not toll the statute of limitations.

Petitioner's second PCRA petition was dismissed by the PCRA court as untimely, and the Superior Court affirmed. Should Petitioner's appeal prove unsuccessful, his second PCRA petition will not be considered "properly filed" and thus will not toll AEDPA's one year limitation. Eckles v. Erickson, No. 06-1870, 2007 WL 106520, at *4 (E.D. Pa. Jan. 9, 2007). Furthermore, dismissal without prejudice of a habeas petition does not toll AEDPA's statute of

limitations for a later habeas petition. Duncan v. Walker, 533 U.S. 167, 172 (2001). "If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it [for failure to exhaust] after the limitations period has expired, this will likely mean the termination of any federal review." Rhines v. Weber, 544 U.S. 269, 275 (2005). In such a case, a stay is appropriate. See id. at 277-78; Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (approving stay and abeyance while petitioner pursued second petition for state postconviction relief, though likely time-barred under state law). See also Eckles, 2007 WL 106520, at *7 (staying mixed petition for pendency of second PCRA appeal although state petition would likely be dismissed as untimely).

### B. *Remaining Objections*

Petitioner also objects to two factual errors in the Magistrate's account of this matter's procedural history, and raises several other objections that go to the merits of his Petition. Because I am staying these proceedings, I need not address these objections at this time.

## IV. **CONCLUSION**

**AND NOW**, this 30th day of April, 2013, upon consideration of the pleadings and the record herein, and after careful review of the Magistrate Judge's Report and Recommendation and all related filings, it is hereby **ORDERED**:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 18) are **SUSTAINED in part**.

2. Magistrate Judge Angell's Report and Recommendation (Doc. No. 17) is **APPROVED** as amended by this Order.

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **STAYED and HELD IN ABEYANCE** while Petitioner's appeals related to his second PCRA petition are pending in Pennsylvania courts.

4. The Clerk of Court shall mark this case closed for statistical purposes and place the matter in the Civil Suspense File.

5. Petitioner must notify this Court of his intent to proceed with his federal habeas Petition **within thirty (30) days of the date his PCRA appeal is no longer pending** to avoid dismissal of this Petition.

6. There is no basis for the issuance of a certificate of appealability.

                                                **AND IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*
                                                _____
                                                Paul S. Diamond, J.